UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK I. GAVER,

Plaintiff,

v. Case No. 2:26-cv-2281-KCD-KRH

AMIRA FOX, et al.,

Defendants.
_______________________________/

**ORDER**

Plaintiff Mark Ian Gaver initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Gaver is an inmate at the Federal Correctional Institution, Miami Low, and he generally alleges constitutional violations arising from a detainer lodged against him relating to a Lee County Circuit Court criminal case. Because Gaver is a prisoner and the defendants are government entities, the complaint is subject to statutory screening. *See* 28 U.S.C. § 1915A.

Upon review, the Court concludes that Gaver has not stated a constitutional claim. He may file an amended complaint if he wishes to proceed.

## I. Screening Standard

Under 28 U.S.C. § 1915A(b), a district court must screen a prisoner's civil complaint against government officials and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. The procedure required by §

1915A is, by its terms, a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a).

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 679, 681. The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In short, plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II. Complaint[2]

Gaver asserts that Defendants—State Attorney Amira Fox, Deputy Assistant State Attorney Paul A. Poland, Sheriff Carmine Marceno, Chief of Courts Stephanie Russell, Former Chief of Courts Tyler Lovejoy, Chairman Lee County Board of Commissioners Cecil Pendergrass, Vice Chairman Lee County Board of

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citation.

[2] At the screening stage, the Court assumes the truth of Gaver's factual allegations, but not his legal conclusions. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

Commissioners David Melicka, Member Lee County Board of Commissioners Brian Hammam, Member Lee County Board of Commissioners Trish Petrosky, and Member Lee County Board of Commissioners Kevin Ruane—have either conspired to maintain a false or fraudulent detainer and warrant against him or have "provided financial support to the other defendants, allowing them to violate [his] rights." (Doc. 1 at 6.)

Gaver asserts that sometime in 2015, his then-wife made accusations "of a felony and misdemeanor." (Doc. 1 at 7.) The Sheriff's Office issued a warrant for Gaver's arrest. (*Id.*) Gaver agreed to return to the United States from Switzerland in November of 2017, and "[u]pon his return from Europe he was arrested by U.S. Marshals and charged with bank fraud and money laundering," and he is currently serving a 17-year sentence. (*Id.*)

In 2021, Gaver's ex-wife withdrew her criminal complaint against him and informed the Lee County State Attorney that she would not return to Florida for a trial. (Do. 1 at 7.) Gaver asserts that during a July 2026 teleconference between his daughter, his ex-wife, and Defendant Tyler Lovejoy, it was revealed that the criminal charges were dropped in 2022. (*Id.*) Nevertheless, the warrant and detainer remain active at the Lee County Sheriff's Office and Stephanie Russell "and others at the Lee County State Attorney's Office refuse to have the Sheriff remove the holds placed upon the Plaintiff." (*Id.*)

Gaver maintains that the detainer has resulted in the denial of privileges in federal prison such as "the use of electronic mail, placement in a low-securing level

Federal Prison Camp, and all benefits he has earned under the First Step Act, including earlier release to a Half-Way House (1/1/27) and Home Confinement (7/1/27)[.]" (Doc. 1 at 7-8.) Gaver alleges (without explanation) that "Lee County's refusal to cooperate with this Plaintiff seems to be a State vs. Federal Government thing." (*Id.* at 8.) Gaver asserts that he has attempted to communicate with Defendants at the Lee County Office of the State Attorney, but they told his daughter that they "do not have to do anything." (*Id.* at 8.)

Gaver alleges that the Lee County Office of the State Attorney responded "to a BOP" and said that "there was no indictment information or complaint" and as a result, Gaver could not "avail himself of the provisions of [Florida Statute § 941.45]." (Doc. 1 at 8.) He asserts that this proves that "Lee County has violated the Florida Statute, with malice." (*Id.*)

Gaver asks the Court to order Lee County to remove the warrant and detainer. (Doc. 1 at 11.) He also seeks actual and punitive damages. (*Id.*)

## III. Discussion

By way of background, the United States District Court for the District of Maryland summarized the criminal activity leading to Gaver's current incarceration as follows:

> Over a period of fifteen years, from roughly 2001 to December 2016, Mr. Gaver created and executed a bank fraud scheme to deceive as many as six different banks which had extended to him lines of credit based upon his reported accounts receivable for his information technology services company, GTI Federal.
>
> . . .

> Mr. Gaver then got divorced. In 2016, a Florida court awarded possession of GTI Federal to his ex-wife in connection with the divorce. Consequently, after Mr. Gaver's ex-wife and her attorney gained control of the company and inspected its books and records, his bank fraud scheme was exposed. Santander, the ultimate bank to lend funds to GTI Federal, incurred a loss of nearly forty-nine million dollars. This was just one of the six banks that Mr. Gaver defrauded over the relevant fifteen-year span.
>
> On August 1, 2018, [a] jury found Mr. Gaver guilty of all ten counts charged in the Indictment.
>
> On December 13, 2018, [the District Court of Maryland] sentenced Mr. Gaver to a term of imprisonment of 204 months (seventeen years), followed by thirty-six months (three years) of supervised release. (ECF Nos. 104, 106.) . . . On May 28, 2020, the United States Court of Appeals for the Fourth Circuit affirmed both the conviction and the sentence. *See United States v. Gaver*, 825 F. App'x 700, 701 (4th Cir. May 28, 2020) (unpublished).

*United States v. Mark Ian Gaver*, No. RBD-17-640, 2026 WL 2117157, at *2 (D. Md. July 23, 2026). It appears that the focus of *this* case is not Gaver's federal incarceration or the Maryland conviction, but a 2015 state complaint from his then-wife accusing him "of a felony and misdemeanor." (Doc. 1 at 7.) He appears to argue that Defendants' refusal to remove a detainer or arrest warrant stemming from that case means that he is not considered for certain privileges in federal prison. Gaver asserts that the "case number in this matter is 16 cf 000326." (*Id.* at 8.)

In an attempt to determine the nature of the underlying criminal action at issue here, the Court reviewed Gaver's criminal history on the Lee County Clerk of Court's website.[3] A search for case number 16 CF 000326 returned no records in Lee County or Charlotte County and only an unrelated case (against an unrelated

[3] *See* https://www.leeclerk.org/departments/courts/court-case-records (Gaver, Mark).

defendant) in Collier County. Gaver's only criminal case from Lee County is 16-MM-21079, a misdemeanor contempt-of-court charge based on Gaver's February 29, 2016 violation of a domestic violence injunction. However, on April 15, 2016, the Assistant State Attorney declined to file an information in that action. In short, there is no active criminal case against Gaver in Lee County; Lee County case number 16 CF 000326 does not exist; and it is uncertain that there is any Lee County detainer, warrant, or other hold against Gaver. *See Gethers v. State*, 838 So.2d 504, 507 (Fla. 2003) (explaining that a detainer is an informal request filed by a criminal justice agency asking the institution where the prisoner is incarcerated "either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent").

Even if there is a "leftover" hold or warrant out of Lee County on which the BOP is relying to determine Gaver's privileges, it is unclear how its mere existence violates Gaver's constitutional rights. Only liberty interests implicate the Due Process Clause, and a detainer on its own does not affect liberty. *See John v. Crews*, 149 So. 3d 149, 151 (Fla. 1st DCA 2014) (denying relief because the prisoner "could not demonstrate any constitutionally protected liberty interest"). A detainer is a request, not an order, and concerns an agreement between two executive branch agencies. Gaver may be losing out on certain benefits or privileges in federal prison as a result of the detainer, but that is a result of executive discretion—something this Court will not examine. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and

execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Nevertheless, the complaint's lack of factual detail, the omission of dates, the inclusion of incomplete documents, and Gaver's failure to provide the correct underlying state court case number make it impossible to conclude that an amendment would be futile in this case. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (explaining that a district court need not grant leave to amend if a more carefully drafted complaint could not state a claim and would be, therefore, futile). Thus, the dismissal of this complaint will be with leave to amend. But if Gaver choses to amend the complaint, he must consider the following:

**A. The Lee County Board of Commissioners are not proper defendants.**

Gaver names five members of the Lee County Board of Commissioners in this action. He asserts that the Board members "provided financial support to the other defendants, allowing them to violate the Plaintiff's rights." (Doc. 1 at 6.) In short, Gaver attributes liability to the commissioners based solely upon their approval of the annual county budget. However, without an affirmative causal connection to a constitutional violation, the commissioners' positions do not subject them to liability. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

The required "causal connection" for respondeat superior liability can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,]" *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's improper

'custom or policy result[s] in deliberate indifference to constitutional rights.' " *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). But as drafted, none of the facts alleged in Gaver's amended complaint shows the requisite causal connection to support a respondeat superior claim.

**B. State attorneys are generally immune from liability under § 1983.**

Four of the defendants named in this action are prosecutors from the Office of the State Attorney. However, prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." *Id.* This immunity extends when a prosecutor's "acts [are] undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v Fitzsimmons*, 509 U.S. 259, 273 (1993). The immunity applies even if the plaintiff believes the prosecutor acted wrongly. *See*, *e.g.*, *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial). Gaver does not allege

that any prosecutor acted outside of his or her role as a state advocate when they failed to take affirmative action to remove the detainer or warrant against him.[4]

### III. Conclusion

As explained, Gaver's complaint does not state a constitutional claim against any named defendant. Therefore, to proceed with this action, he must file an amended complaint. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading in a case. *Krinsk v. Suntrust Banks*, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011).

Accordingly, it is now **ORDERED**:

1. Gaver's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

2. Gaver may file an amended complaint within **TWENTY-ONE (21) DAYS** from the date on this Order if he wishes to proceed in this action. If Gaver does not timely comply, the Court will dismiss this case without further notice for failure to prosecute.

3. Gaver's full filing fee or motion to proceed *in forma pauperis* was due by August 20, 2026. Thus, **to avoid dismissal of this action**, he must be the full civil filing fee, file a motion to proceed in forma pauperis, or seek more time to do so within **TWENTY-ONE (21) DAYS**.

[4] Notably, Gaver attaches to his complaint an undated portion of a letter from Defendant Lovejoy in which he confirmed that "Mr. Gaver has not been charged by indictment, information, or complaint." (Doc. 1 at 9.) To the extent the BOP is withholding privileges based upon *non-existent* pending charges against him, Gaver does not explain why his beef is with Lee County instead of the Bureau of Prisons.

4. The Clerk is **DIRECTED** to provide Gaver copies of the standard 42 U.S.C. § 1983 complaint form and a prisoner form to proceed in forma pauperis.

**ENTERED** in Fort Myers, Florida, on August 31, 2026.

Kyle C. Dudek
United States District Judge